UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV  26-2417-AS | Date | July 8, 2026 |
|---|---|---|---|
| Title | Regina McClair v. County of Los Angeles, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS**

Plaintiff filed a Complaint in Los Angeles County Superior Court on October 14, 2025, against the following Defendants: (1) "Los Angeles County, Department of Health Care Services, aka USC-LAC" ("County"); (2) Patricia Lorenzo; (3) Isabel Doe; (4) Cecilia Duarte; (5) Norma Santos; (6) James Robinson; (7) Jose Vasquez; (8) Margarita Doe; (9) Doe LaFonte; (10) Christopher G. Marquez; and (11-20) Does 1-10.  (See Dkt. No. 1-1 at 2-45).  Defendant County was served with the summons and Complaint on February 4, 2026.  (See Dkt. No. 1-4).  No other Defendants were served at that time.  (See Dkt. No. 1 at 3-4).

On March 6, 2026, Defendant County removed the case to this Court by filing a Notice of Removal.  (Dkt. No. 1).  On March 10, 2026, the Clerk of the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[1]  (Dkt. No. 3). Plaintiff and the County subsequently filed a stipulation to extend the County's deadline to answer the Complaint.  (Dkt. No. 7).

---

[1] The Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination.  Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, each newly served party or party added to the case must be served the Notice of Assignment at the time of service of the summons and compliant or other case-initiating document.  See Local Rule 73-2.1.  The period for a newly served party or party added to decline consent begins to run upon service of the Notice.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | CV  26-2417-AS | Date | July 8, 2026 |
|---|---|---|---|
| Title | Regina McClair v. County of Los Angeles, et al. | | |

On March 31, 2026, Plaintiff filed a First Amended Complaint (or "FAC") against the same Defendants as the Complaint (*i.e.*, the County, nine individuals, and ten unidentified Does),[2] along with the following newly added Defendants: (1) Dr. Ryan Raam, M.D.; (2) Dr. Pablo Gutierrez, M.D.; and (3) Dr. Ignacio Calles, M.D.  (Dkt. No. 8).  On April 9, 2026, Plaintiff and the County filed a joint stipulation for an extension of thirty days for the County to respond to the First Amended Complaint.  (Dkt. No. 10).  The Court granted it the next day.  (Dkt. No. 11).  On May 14, 2026, Plaintiff and the County filed a joint stipulation for Plaintiff to have thirty days to file a Second Amended Complaint and for the County to have thirty days after that to respond to it.  (Dkt. Nos. 13, 16).  The Court granted the request the next day.  (Dkt. No. 17).  On June 9, 2026, Plaintiff filed a Second Amended Complaint (or "SAC") against the same Defendants as the First Amended Complaint.[3]  (Dkt. No. 18).

On July 7, 2026, the parties filed a joint stipulation for Plaintiff to file a Third Amended Complaint by August 7, 2026, and for "Defendants" to respond to it within thirty days after it is filed and served.  (Dkt. No. 19).

As of this date, however, Plaintiff still has not filed a proof of service reflecting that she served any Defendant other than the County, nor has she requested issuance of a summons as to any Defendant.  More than ninety days have passed since the filing of the Complaint.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

---

[2] Whereas the initial Complaint sued "Los Angeles County, Department of Health Care Services, aka USC-LAC" (see Dkt. No. 1-1 at 4), the First Amended Complaint names that same entity as well as "County of Los Angeles" (FAC at 4).  Regardless, for the purposes of this Order, the Court refers to both named entities as the County.

[3] One difference, immaterial here, is that the First Amended Complaint sued Los Angeles County as well as "Los Angeles County, Department of Health Care Services, aka USC-LAC," as noted above (FAC at 4), whereas the Second Amended Complaint does not name the latter entity or any other individual department, but only the County itself (SAC at 4-5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV  26-2417-AS | Date | July 8, 2026 |
|---|---|---|---|
| Title | Regina McClair v. County of Los Angeles, et al. | | |

"In cases removed from state court, the 90-day clock begins to run on the date of removal." Brown v. California, 2023 WL 5961659, at *23 n.31 (C.D. Cal. Aug. 21, 2023) (citing Whidbee v. Pierce County, 857 F.3d 1019, 1023-24 (9th Cir. 2017); Vasquez v. N. Cty. Transit Dist., 292 F.3d 1049, 1053 (9th Cir. 2002); Wickersham v. Washington, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014))), report and recommendation adopted, 2023 WL 5961637 (C.D. Cal. Sept. 12, 2023), aff'd, 2024 WL 4198684 (9th Cir. Sept. 16, 2024). But "the 90-day time limit to serve defendants under Rule 4(m) 'is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.'"  Thor v. Crawford, No. 8:23-CV-00940-AB-AJR, 2023 WL 6927339, at *1 (C.D. Cal. Sept. 1, 2023) (quoting Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006)).

Plaintiff therefore had ninety days from the date of removal, March 6, 2026 (*i.e.*, by June 4, 2026), to serve Patricia Lorenzo, Isabel Doe, Cecilia Duarte, Norma Santos, James Robinson, Jose Vasquez, Margarita Doe, Doe LaFonte, Christopher G. Marquez, and Does 1-10, who were all sued in the Complaint (see Dkt. No. 1-1, at 4-6); and she had ninety days from the date the First Amended Complaint was filed, March 31, 2026 (*i.e.*, by June 29, 2026), to serve Dr. Ryan Raam, Dr. Pablo Gutierrez, and Dr. Ignacio Calles, who were added in that pleading (see FAC at 4-5).  Plaintiff apparently did not do so.

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, within fourteen (14) days of the date of this Order, why service was not timely made and why this case should not be dismissed without prejudice as to all Defendants other than the County for failure to effect service and for lack of prosecution.  Failure to timely file a written response to this Order may result in dismissal as to all Defendants other than the County for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order.  See Fed. R. Civ. P. 41(b).

Plaintiff is reminded that each newly served party or party added to the case must be served with the Notice of Assignment at the time of service of the summons and complaint, and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment.

**IT IS SO ORDERED.**